IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| v. | § CASE NO. 3:16-CR-497-B-1 |
| | § |
| LINZI LADAWN SHIFFLETT, | § |
| BOP #55189-177/TDCJ #02179855, | § |
| DEFENDANT. | § |

### FINDINGS, CONCLUSIONS AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE

Before the Court is Defendant Linzi Ladawn *Shifflett's Motion for Modification/ Reduction of Sentence (Pursuant to 18 U.S.C. § 3553) Motion Requesting Sentences be Ran [sic] Concurrent with State Offences*, which was referred to the United States Magistrate Judge under 28 U.S.C. § 636(b). Crim. Doc. 73; Doc. 74. As detailed here, the motion should be **DENIED**.

In 2016, Shifflett pled guilty to two counts of production of child pornography and, on December 7, 2017, was sentenced to an aggregate term of 720 months' imprisonment (360 months on each count, to be served consecutively) and a life term of supervised release. Crim. Doc. 54. She was also ordered to pay $194,815.17 in restitution. *Id.* Her conviction and sentence were affirmed on direct appeal. Crim. Doc. 72. Shifflett is presently confined in the Texas Department of Criminal Justice, Correctional Institution Division (TDCJ-CID), serving a sentence of 30 years for aggravated sexual assault of a child and 10 years each on four counts of

possession of child pornography, all imposed in Johnson County Case Number DC-F2016000049.[1]

By the motion *sub judice*, she requests that her federal sentence be served concurrently with her subsequently imposed state sentences. Crim. Doc. 73 at 1. Shifflett also requests that the Court "re-consider the amount of time she received" and reduce her sentence under the sentencing factors. Crim. Doc. 73 at 2. She asserts that while she is "ashamed of her actions," she asks for "grace and mercy," averring that she "has made exceptional efforts to better herself" and is "self-motivated to rehabilitate" herself, through bible studies and educational classes. Crim. Doc. 73 at 2. Further, Shifflett requests to be transferred to the United States Bureau of Prisons ("BOP") to complete her sentence since the BOP offers more opportunities for self-improvement. Crim. Doc. 73 at 2.

Shifflett's entreaty notwithstanding, the Court lacks discretion to modify her sentence, except as permitted by law. Shifflett has wholly failed to cite any legal authority permitting the Court to modify her sentence to impose a concurrent sentence, and the Court has found none. *See United States v. Olivares*, 713 F. App'x 353, 353 (5th Cir. 2018) (concluding *pro se* post-judgment motion for concurrent sentences "was an unauthorized motion that the district court lacked jurisdiction to consider" (citing *United States v. Early*, 27 F.3d 140, 141-42 (5th Cir. 1994)). Because Shifflett's motion was not filed by the Government or made within 14 days of sentencing, it cannot be construed as a request for Rule 35 sentence correction or reduction. *See* FED. R. CRIM. P. 35; *Early*, 27 F.3d at 141. Likewise, the relief sought is not authorized by 18

---

[1] TDCJ online inmate information is available at https://inmate.tdcj.texas.gov/InmateSearch/viewDetail.action?sid=16489401 (last accessed on June 21, 2022).

U.S.C. § 3582(c)(2), since the request is not premised on an amendment to the United States Sentencing Guidelines. *See Early*, 27 F.3d at 142. Additionally, Shifflett does not allege purported sentencing errors and, as such, the Court does not construe her claim to arise under 28 U.S.C. § 2255. *See Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000).

This Court also lacks jurisdiction to consider any challenge to the manner in which Shifflett's sentence is being executed since she is incarcerated in Marlin, Texas (Falls County), which is within the Western District of Texas. *See Lee v. Wetzel*, 244 F.3d 370, 373-74 (5th Cir. 2001) (holding that court lacked jurisdiction over 28 U.S.C. § 2241 petition because petitioner was not incarcerated within that district). And to the extent Shifflett seeks a reduction of her federal sentence based on the sentencing factors and her rehabilitation efforts, she neither alleges, much less shows, any compelling or extraordinary reasons under 18 U.S.C. § 3582(c)(1)(A).

Finally, insofar as Shifflett seeks to be transferred from state to federal custody, her motion lacks any legal basis. Shifflett was arrested by state authorities in Cleburne, Texas, on October 6, 2016, on state charges. Crim. Doc. 36-1 at 1. She was subsequently transferred to federal custody pursuant to a writ of habeas corpus *ad prosequendum* and was sentenced for her federal crimes before being returned to state custody. *Id.*; Crim. Doc. 5. Because the state has primary jurisdiction over Shifflett, and absent any agreement between the state and federal authorities, Shifflett rightfully remains in state custody until her state sentence is discharged.

For the foregoing reasons, Shifflett's requests to (1) modify and reduce her federal sentence, (2) run her federal and state sentences concurrently, and (3) be placed in federal

custody should be **DENIED**, and any challenge to the manner her sentence is being executed should be **DISMISSED** for lack of jurisdiction.

    **SO RECOMMENDED** on August 2, 2022.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).